## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**SHELDON REDDITT and**
**AMY REDDITT**
                    **Plaintiffs,**

**vs.**                                          **3:09cv21/MD**

**BELLSOUTH TELECOMMUNICATIONS,**
                    **Defendant.**

_____

### O R D E R

        This cause is before the court upon defendant's motion to dismiss and supporting memorandum of law (doc. 6 & 7) and plaintiffs' memorandum in opposition.  (Doc. 10).  The court held a hearing on this matter on June 8, 2009.

### Background and Analysis

        This case was removed from state court on January 20, 2009, and the parties consented to the exercise of jurisdiction by the undersigned magistrate judge on April 14, 2009.  Although the plaintiffs' claims are purely state law claims, this court has jurisdiction based on diversity of citizenship and the amount in controversy.  In Count I of the two-count Amended Complaint (doc. 1-2), plaintiff Sheldon Redditt contends that his employer, defendant BellSouth, violated § 440.205, Florida Statutes when it retaliated against him for having made claims for workers' compensation benefits as a result of allegedly having contracted MRSA[1] at the workplace.  In Count

_____

1  Methicillin-Resistant Staphylococcus Aureus.

II, plaintiff Amy Redditt, identified as the wife of plaintiff Sheldon Redditt, charges defendant BellSouth with negligence for its failure to properly control or contain a MRSA outbreak at Sheldon Redditt's place of employment, and for its failure to provide any information or warning to either plaintiff about MRSA.   Defendant moved to dismiss the complaint shortly after removing the case to federal court.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.' " *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (citation omitted); see also *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997) (plaintiff's allegations are construed in light most favorable to him). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Defendant moved to dismiss both counts of the complaint.  With respect to Count I, it contends that plaintiff Sheldon Redditt's allegations fail to state a cause of action for a violation of §404.205, Florida Statute.  Defendant argued that Count I relies on a conclusory statement that is inconsistent with other facts set forth in the complaint.  At the hearing, defense counsel conceded, and plaintiffs' counsel agreed, that the legal deficiency in Count I could be cured by amendment.  Thus, the motion to dismiss Count I will be granted with leave to amend.

With respect to Count II, BellSouth contends in its motion that plaintiff Amy Redditt fails to state a claim under Florida law because she failed to sufficiently allege a legal duty owed to her by BellSouth.  In order to state a cause of action for negligence, Amy Redditt must prove duty, breach, causation and damages, with the "duty" arising out of the general facts of this case.  *U.S. v. Stevens*, 994 So. 2d 1062, 1065-66 (Fla. 2008).  Whether a duty exists depends upon "an evaluation and application of the concept of foreseeability of harm to the circumstances alleged, which is a threshold question of law."  *Id.*, 994 So.2d at 1066-1067. (Citing *McCain v. Florida Power Corp.*, 593 So.2d 500, 502-504 (Fla. 1992)).

The Florida Supreme Court said in *McCain v. Florida Power Corp*.

> The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others. See *Kaisner*, 543 So.2d at 735 (citing *Stevens v. Jefferson*, 436 So.2d 33, 35 (Fla.1983)). The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred. In other words, the former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open.

593 So.2d at 502 (footnote omitted).

The parties agree that there is no Florida case law specifically on point, but both argue that *Bolieu v. Sisters of Providence in Washington*, 953 P.2d 1233 (Alaska 1998) supports their position.  In *Bolieu*, the Alaska Supreme Court found, on motion for summary judgment, that a residential health care facility owed a duty to the spouses of its nursing assistants to take reasonable measures to minimize spread of infectious disease, a position that the dissent recognized had not been adopted by any other jurisdiction, at least with respect to staph[2] or other common infections.

---

2  The *Bolieu* case dealt with ordinary staph infections rather than MRSA, which is at issue in this case.

953 P.2d at 1241 and at 1241-1242 (Fabe, J. Dissenting).  *Bolieu,* of course, is not controlling upon this court, and in fact has not been cited outside of Alaska with a single exception of its citation in a Ninth Circuit case which did not mention the specific facts of *Bolieu*.  The defendant argues that *Bolieu* should be limited to its facts and be held applicable only to the *spouses* of employees of a *health care facility*.  The plaintiffs argue that *Bolieu* should not be so limited, and that in fact, a higher standard of care should apply to employers such as BellSouth whose employees cannot be expected to be as knowledgeable about or familiar with the risks of infectious diseases such as MRSA.

As noted above, in considering a motion to dismiss, the court is bound to accept the allegations of the complaint as true, and construe them in the light most favorable to the plaintiffs. As relevant to Amy Redditt's negligence claim:

– In the months prior to Sheldon Redditt's employment with BellSouth there was a generalized MRSA outbreak at the call center.

–Several different employees contracted MRSA as a result of their exposure to MRSA at the call center.

–One of the call center employees died as a result of MRSA related complications.

– Sheldon Redditt learned he had contracted MRSA within two weeks of beginning his employment at the call center.

–Defendant failed to properly control and contain the MRSA outbreak

– Defendant failed to provide information or warning to the plaintiffs as to the serious risks of MRSA or steps to be taken to avoid MRSA.

–Plaintiff Amy Redditt, the wife of Sheldon Redditt, contracted MRSA as a result of Defendant's actions or omissions.

Accepting the truth of these allegations, in light of the serious and highly contagious nature of MRSA, the harm to the spouse of a call center employee was foreseeable.  Even absent directly controlling case law, and given the uncertainty

concerning some underlying facts, as discussed below, at this juncture the court is unprepared to find as a matter of law that the defendant owed no duty to plaintiff Amy Redditt.

Although dismissal of Count II of the complaint is not warranted, two additional matters should be mentioned for the plaintiffs' consideration in amendment.  At the hearing, the court noted that although it is bound by the four corners of the complaint in terms of ruling on the defendant's motion to dismiss, the defendant raised a question in its motion as to the marital status of the plaintiffs at the time of the events in question.  The court indicated that because there is a possibility that this fact could become significant with respect to the duty owed to Amy Redditt, the relationship between the parties at the time of the events in question should be clarified in plaintiffs' amended complaint.  It also observed that details with respect to causation were lacking from Count II of the complaint, and that there is no indication whether Amy Redditt contends that she contracted MRSA from Sheldon Redditt or from being exposed to MRSA at the BellSouth premises. This issue also should be clarified in the amended complaint.

Accordingly, it is ORDERED:

Defendant's motion to dismiss (doc. 5) is GRANTED in part and DENIED in part as set forth herein.  Within twenty days from the date of this order, plaintiffs shall file an amended complaint correcting the legal deficiencies and clarifying the factual issues identified herein.

DONE AND ORDERED this 11th day of June, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**